IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAMELA THOMPSON, | | |
| Plaintiff, | | **8:22CV351** |
| vs. | | |
| USAA GENERAL INDEMNITY COMPANY, | | **ORDER** |
| Defendant. | | |

This matter is before the Court on Plaintiff's Motion to Modify Progression Order and Leave to Amend Complaint.  (Filing No. 25.)  For the reasons explained below, the motion will be denied.

## BACKGROUND

On September 3, 2019, Plaintiff was involved in a motor vehicle accident in which she sustained physical injuries. (Filing No. 1.) At the time of the accident, Plaintiff had an automobile insurance policy issued by Defendant.  (Filing No. 1.)  On October 9, 2019, Plaintiff saw Matthew Schwager at Coddington Physical Therapy ("Coddington PT") with complaints of mid-back and low back pain. (Filing No. 28-3.) Plaintiff visited Coddington PT again on October 11, 2019. (Filing No. 28-4.)  Plaintiff's treatment records for her second visit provide: "[Plaintiff] has pain with sitting, standing and driving.  She also has some knee pain that has been bothering her since the accident."  (Filing No. 28-4.)

On November 22, 2019, Plaintiff presented to Dr. Lindsey Badertscher ("Dr. Badertscher") at Coddington Medical Family Practice, LLC ("Coddington Medical") with complaints of knee pain. (Filing No. 28-5.) Dr. Badertscher gave Plaintiff a cortisone injection in

her knee and requested x-rays.  (Filing No. 28-5.)  An x-ray performed on or about November 22, 2019 by Advanced Medical Imaging revealed mild degenerative osteoarthrosis in Plaintiff's left knee. (Filing No. 28-6.) Defendant issued an Explanation of Reimbursement statement for Plaintiff's November 22 visit to Coddington Medical, requesting "detailed documentation" from the medical provider "to support the medical necessity for continued care or treatment" and its relation to the accident.  (Filing No. 28-7.)

Around February 2020, Defendant submitted Plaintiff's medical records, including all Coddington PT records, to Dr. James Blumenthal ("Dr. Blumenthal") for review to determine if treatment to Plaintiff's knee was medically necessary and related to the accident. Dr. Blumenthal issued a report on February 5, 2020, finding the treatment was not medically necessary as related to injuries sustained in the accident.  (Filing No. 28-8.)  Plaintiff's medical records, including those from Coddington PT, were also sent to Dr. Blumenthal around August and September 2020 for review to determine if treatment to Plaintiff's knee was medically necessary and related to the accident.  Dr. Blumenthal issued additional reports on August 31, 2020, and September 14, 2020, each finding the treatment was not medically necessary as related to injuries sustained in the accident.  (Filing No. 28-9; Filing No. 28-10.)

In December 2020, Defendant submitted Plaintiff's medical records, including those from Coddington PT, to Dr. Wadih Joseph Absi ("Dr. Absi") for further review to determine if treatment to Plaintiff's knee was medically necessary and related to the accident. Dr. Absi issued a report on December 16, 2020, finding the treatment was not medically reasonable, necessary, or related to the accident. (Filing No. 28-11.)  Defendant submitted Plaintiff's medical records to Dr. Absi again in April 2021 for reconsideration.  Dr. Absi issued a reconsideration report on April 7, 2021, reaching the same conclusions.  (Filing No. 28-12.)

Defendant sent Dr. Absi's reconsideration report and other materials to Dr. Nicholas Delaney ("Dr. Delaney") with Patel Kao Pain and Rehab Associates, LLC. Dr. Delaney issued two reports, dated April 30, 2021 and July 30, 2021, respectively.  (Filing No. 26-1.) In both reports, Dr. Delaney set out his conclusion that the treatment to Plaintiff's knee was not medically necessary. (Filing No. 26-1.) Each of Dr. Delaney's reports reference Dr. Absi's reconsideration report. (Filing No. 26-1.) They also indicate that Plaintiff complained of left knee pain following the accident.  (Filing No. 26-1.)

2

After Dr. Delaney issued his last report, Plaintiff requested copies of her bills and records. (Filing No. 28.) Plaintiff engaged in an exchange of email messages with Defendant's representative, Crystal Anderson ("Anderson"), on September 7, 2021, at which time Plaintiff acknowledged receipt of her records and bills. (Filing No. 34-5.)

Plaintiff's counsel sent a letter of representation to Defendant on December 23, 2021. (Filing No. 28-13.)  On March 7, 2022, Plaintiff's counsel informed Defendant that if Defendant did not tender medical payments coverage for the treatment to Defendant's knee, he would file suit for breach of contract and bad faith.  (Filing No. 28-14.)  On March 18, 2022, Anderson sent Plaintiff's counsel correspondence which stated, in part, that Anderson would send "everything [Defendant] ha[d] on file as far as bills, records, explanation of reimbursements, and the denial letters." (Filing No. 28-15.)  Anderson entered claim log notes on March 18, 2022, which stated that a batch print would be sent to Plaintiff's attorney so he could see the denial letters and determine if they have additional information that Defendant did not have to reconsider the prior denials. (Filing No. 28-16.)  Plaintiff's counsel received a file from Defendant on or about April 4, 2022, which included the following: reports authored by Dr. Blumenthal dated February 5, 2020, August 31, 2020, September 14, 2020, and September 23, 2020; reports authored by Dr. Absi dated December 16, 2020, April 7, 2021, and May 28, 2020; and reports authored by Dr. Delaney dated April 30, 2021 and July 30, 2021.  (Filing No. 35.)

Plaintiff filed suit in the District Court of Lancaster, County on August 30, 2022, asserting claims for breach of contract and bad faith.  (Filing No. 1.)  Defendant removed the case to this Court on October 7, 2022.  (Filing No. 1.)

On September 14, 2022, Plaintiff's counsel gave Defendant the report of Plaintiff's treating physician, Dr. Douglas Koch ("Dr. Koch").  (Filing No. 28-17.)  The report states that Dr. Koch reviewed Dr. Delaney's report, and that Dr. Koch agreed that the degenerative changes in Plaintiff's knee were pre-existing.  (Filing No. 28-17.) However, Dr. Koch opined that the accident exacerbated the degenerative changes which led to the need for total knee arthroplasty. (Filing No. 28-17.)

On October 14, 2022, Defendant filed a motion to dismiss Plaintiff's bad faith claim. (Filing No. 5.) Chief United States District Court Judge Rossiter granted Defendant's motion on

3

February 9, 2023, and dismissed Plaintiff's bad faith claim without prejudice. (Filing No. 14.) Judge Rossiter found that Plaintiff had failed to plead facts showing that Defendant had no reasonable basis for denying Plaintiff's claim. (Filing No. 14.) Judge Rossiter found that Plaintiff did "not allege a single fact, outside of reciting the legal elements of a bad-faith claim, indicating [Defendant] had no reasonable basis for denying her claim" and that there were "no factual allegations whatsoever indicating [Defendant's] denial of the claim was unreasonable." (Filing No. 14.)

Defendant filed its Answer to Plaintiff's Complaint on February 17, 2023. (Filing No. 15.) The Court entered the Final Progression Order (Filing No. 19) on March 28, 2023, which set May 15, 2023 at the deadline for the parties to file motions to amend pleadings.

Defendant served Rule 26(a)(1) Initial Disclosures, First Set of Interrogatories, First Set of Requests for Production, and First Set of Requests for Admission on March 22, 2023. (Filing No. 28-18.) Defendant's Request for Admission No. 6 asked Plaintiff to "[a]dmit on November 22, 2019, Plaintiff, for the first time, presented complaints of left knee pain to her medical provider." (Filing No. 26-1.) Defendant served its Second Set of Requests for Production on April 21, 2023. (Filing No. 28-19.) Defendant served its responses to Plaintiff's First Set of Requests for Production of Documents, First Set of Interrogatories, and First Set of Requests for Admissions on May 22, 2023. (Filing No. 22; Filing No. 23; Filing No. 24; Filing No. 26-1.) Per an agreement between counsel, Plaintiff served its responses to Defendant's First Set of Requests for Admissions on May 22, 2023. (Filing No. 26-1.)

Plaintiff filed the instant Motion to Modify Progression Order and Leave to Amend Complaint on May 23, 2023. (Filing No. 25.)

## DISCUSSION

Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15. However, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (quotation and citation omitted).

When a party seeks leave to amend after a scheduling order deadline, that party must "first demonstrate good cause under Rule 16(b) of the Federal Rules of Civil Procedure before the court can consider whether the proposed amendments are proper under Rule 15(a)." *BCD Farms, Inc. v. Certified Angus Beef, LLC*, No. 8:05CV25, 2007 WL 2344814, at *3 (D. Neb. 2007). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (quotation omitted). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, [the court] will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." *Id*. "[I]f the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." *Financial Holding Corp. v. Garnac Grain Co.*, 127 F.R.D. 165, 166 (W.D. Mo. 1989).

The Court entered the Final Progression Order on March 28, 2023, which set May 15, 2023, as the deadline to amend pleadings. (Filing No. 19.)  Plaintiff filed her Motion to Modify Progression Order and for Leave to Amend Complaint past that deadline, on May 23, 2023. Plaintiff argues she should be allowed to file an amended complaint out of time to reassert her bad faith claim based on information she obtained during discovery. Specifically, Plaintiff argues her counsel learned on May 17, 2023 of Defendant's position that Plaintiff did not seek treatment for knee pain until November 22, 2019, rather than October 11, 2019. (Filing No. 26-1.) Plaintiff's counsel asserts he learned Defendant's position while preparing responses to Defendant's Requests for Admission—which asked Plaintiff to admit that she first presented complaints of knee pain on November 22, 2019.

Plaintiff maintains this date discrepancy is significant because Plaintiff's medical records, which Defendant has purportedly possessed since 2019, show that Plaintiff's first complaint of knee pain occurred on October 11, 2019.  Plaintiff argues Defendant's assertion that Plaintiff's knee pain did not commence until November 22, 2019, is evidence that Defendant acted in bad faith by ignoring medical records. Plaintiff contends Dr. Delaney's reports do not indicate that he reviewed any records from Coddington PT, which is additional evidence that Defendant ignored certain medical records in reaching a coverage decision.

5

Plaintiff's proposed Amended Complaint reasserts a bad faith claim, alleging there is medical evidence that Plaintiff complained of knee problems to her physical therapist at Coddington PT as soon as October 11, 2019. (Filing No. 26-1.) The Amended Complaint alleges that Dr. Delaney's opinions are the basis upon which Defendant denied medical payments for the injury to Plaintiff's knee. (Filing No. 26-1.) The Amended Complaint alleges that Dr. Delaney's April 30, 2021 report states "there are no documentations to indicate that [Plaintiff] has undergone conservative care for the left knee pain" and that "Defendant knew or should have known that Plaintiff received physical therapy for her left knee at Coddington [PT]." (Filing No. 26-1.) The Amended Complaint asserts that "[b]ased on the text of his reports, Dr. Delaney was not provided the records from Coddington [PT]," and that there are "factual errors in Dr. Delaney's report, including exclusions of fact regarding Plaintiff's treatment at Coddington [PT]." (Filing No. 26-1.) The Amended Complaint alleges Defendant lacked a reasonable basis for its denial of payment and knew or recklessly discarded that it lacked a reasonable basis for the denial "insofar as Defendant based [its] denial on the report of a physician from whom important and relevant evidence was withheld." (Filing No. 26-1.)

Following review of the matter, the Court finds Plaintiff has not shown good cause to amend the Final Progression Order to allow for the filing on the proposed Amended Complaint. Plaintiff has not identified any new facts or any change in circumstances warranting amendment out of time. The bad faith claim in Plaintiff's proposed Amended Complaint cites alleged errors in Dr. Delaney's report and alleges Defendant did not supply Dr. Delaney with all of Plaintiff's medical records in reaching a coverage determination. However, Plaintiff has possessed Dr. Delaney's reports for quite some time. Plaintiff's counsel advised the Court that he received Dr. Absi's reports and Dr. Delaney's reports in April 2022—before this suit was even filed. Dr. Delaney's reports state that Dr. Delaney reviewed Dr. Absi's April 7, 2021 report. Plaintiff's counsel acknowledged in Plaintiff's reply brief in support of the instant motion that he "could have, theoretically, uncovered the fact that Dr. Delaney was not provided with Plaintiff's full and complete medical records" prior to the amended pleadings deadline. (Filing No. 32.)

Plaintiff makes much of the fact that she was not aware of Defendant's position regarding the date Plaintiff first presented with complaints of knee pain until counsel prepared Plaintiff's discovery responses. However, Defendant's purported new position regarding this date is not

even alluded to in the proposed Amended Complaint. Rather, the allegations in the proposed Amended Complaint focus on Dr. Delaney and information Plaintiff has had in her possession since this case was filed.  Judge Rossiter dismissed her bad faith claim on February 9, 2023, yet it was not until after the amended pleadings deadline in May 2023 that Plaintiff sought to amend—despite already having the factual support for her amendment. Because Defendant has not shown good cause by diligently seeking to modify the Progression Order, her motion will be denied.[1]

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Modify Progression Order and for Leave to Amend Complaint (Filing No. 25) is denied.

Dated this 9th day of November, 2023.

BY THE COURT:


s/ Susan M. Bazis
United States Magistrate Judge

---

[1] In opposition to Plaintiff's motion, Defendant also argues Plaintiff's proposed amendment would be futile.  Based on the Court's ruling in this Order, the issue of futility will not be addressed.